Filed 5/4/21  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075857 |
| v. | (Super.Ct.No. FWV1000664) |
| ESTEBAN HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Esteban Hernandez took this appeal from the denial of his motion to set aside a murder conviction pursuant to Penal Code section 1170.95 (section 1170.95).  Defendant, however, pled guilty to voluntary manslaughter, not to murder.  Thus, the trial court correctly found him statutorily ineligible for section 1170.95 relief.

1

"[S]ection 1170.95 relief is not available to those offenders who pled guilty to voluntary manslaughter." (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 920.)

There is nothing more of substance to this appeal, and defendant's counsel filed an opening brief on appeal raising no issues, citing *People v. Wende* (1979) 25 Cal.3d 436. *Wende*'s procedures mandating judicial scrutiny of the record apply only to a defendant's direct appeal, not to a postjudgment appeal such as this one. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.) The failure to raise any issues in an obviously meritless postjudgment appeal could warrant dismissal of this appeal as abandoned through a brief order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853.)

Pursuant to a common practice, however, we permitted defendant to file a supplemental brief. With the filing of a supplemental brief, this appeal arguably is contested and should be decided on its merits in an opinion. (*Scott*, *supra*, 58 Cal.App.5th at p. 1131.) We do so.

Defendant's supplemental brief states that he was arrested on a murder charge and acknowledges that he pled guilty to manslaughter. He argues that he was not a major participant in the crime and that he has accepted responsibility for his actions and had achievements while in custody.

Under section 1170.95, we have no authority to set aside a conviction that is not a murder conviction. The section applies only to those convicted of murder under two specified theories. (Pen. Code, § 1170.95, subd. (a).) The Legislature has defined those

2

who are subject to relief under section 1170.95 and we are constrained by its decision, regardless of the particular facts of a case. (See *People v. Sanchez*, *supra*, 48 Cal.App.5th at p. 920.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

J.

We concur:

FIELDS_____

Acting P. J.

MENETREZ_____

J.